IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAWRENCE L. GREGORY, III, ) | |
| ) | |
| Plaintiff, ) | 8:04cv214 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| DR. THOMAS GENSLER, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing nos. 15 and 19, the Motions to Dismiss filed by the defendants, Douglas County, Bob Houston, Patricia Ryan, and Dr. Thomas Gensler. In his Amended Complaint (filing no. 9), the plaintiff, Lawrence L. Gregory, III, asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff alleges deliberate indifference to his safety and medical needs while in the custody of the Douglas County Correctional Center ("DCCC"). The plaintiff also alleges a policy or custom at DCCC of failing to ensure safe sleeping quarters for inmates at DCCC and of failing to ensure adequate medical care at that facility.

The plaintiff injured his back when climbing down from an upper bunk which lacked a step ladder or any other means to facilitate descent. He complains that DCCC fails to maintain safe sleeping quarters in the old part of the jail, particularly for inmates who are overweight[1] and must climb down from an upper bunk without the assistance of a ladder. In the newly renovated part of DCCC, two-person cells contain proper bunk beds with

---

[1] According to the plaintiff, those conditions also present a problem for short people and disabled inmates. However, the plaintiff does not contend that he is short or disabled. The plaintiff, as a pro se party, may not represent the interests of anyone other than himself. See, e.g., Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others."

support bars and a step ladder.  However, in the older part of the facility, one-person cells have been converted to two-person cells by the addition of an upper bunk, but no stabilizing or climbing mechanism.

After he fell, the plaintiff requested, but did not receive, x-rays or hospitalization.  Dr. Gensler, who provides medical treatment for inmates at DCCC, diagnosed the plaintiff's condition as "sore muscles."  The plaintiff did not agree, and he suffered pain.  However, the plaintiff does not contend that anyone later determined bones had been fractured in the mishap.

As the defendants assert, the plaintiff has not stated a claim on which relief may be granted for violation of the Constitution or laws of the United States. The plaintiff's allegations concerning the circumstances of his injury state, at most, a claim of negligence. Negligence by prison officials is not actionable under 42 U.S.C. § 1983.  See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury").   It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement."  Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation."  Id.  Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment).  Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position.  Tucker v. Evans, 276 F.3d at 1001.

A claim of negligence arises under Nebraska law, not federal law. The plaintiff may be able to pursue a claim against the responsible persons in a state court. This court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim(s) over which the court has original jurisdiction. In addition, 28 U.S.C. § 1367(d) tolled the limitations period for the state law claims during the pendency of this federal lawsuit. 28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v. Richland County, 538 U.S. 456, 464 (2003). Consequently, the plaintiff's claims arising under federal law will be dismissed with prejudice, but any claim arising under state law will be dismissed without prejudice.

THEREFORE, IT IS ORDERED:

1. That filing nos.15 and 19, the defendants' Motions to Dismiss, are granted;

2. That a separate judgment will be entered accordingly.

DATED this 2nd day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge